UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDST, LLC and QUEXT IOT, LLC,

    Plaintiffs,

v.                                                       Case No: 8:22-cv-272-CEH-JSS

IAPARTMENTS, INC.,

    Defendant.
_____/

## ORDER

Non-party American City Business Journals, Inc., d/b/a Tampa Bay Business Journal (TBBJ) moves to quash a subpoena served on it by Plaintiffs pursuant to Federal Rule of Civil Procedure 45(d). (Motion, Dkt. 52). Plaintiffs oppose the Motion. (Dkt. 65.) The court held a hearing on the Motion on October 17, 2022. (Dkt. 67.) For the reasons set forth below and as stated during the hearing, the Motion to Quash (Dkt. 52) is **GRANTED**.

## BACKGROUND

Plaintiffs bring this action against Defendant for patent infringement, false advertising, and unfair competition arising from Defendant's alleged infringement of three of Plaintiffs' patents. (Dkt. 12.) In August 2022, Plaintiffs served a subpoena for documents and testimony on TBBJ pursuant to Federal Rules of Civil Procedure 30, 34, and 45 that included 15 document requests and 16 topics for deposition testimony. (Dkt. 52-1.) Plaintiffs state that they issued the subpoena after learning that one of

Defendant's founders is married to a media and advertising executive at TBBJ. (Dkt. 65 at 1–2.) Plaintiffs assert that the subpoena is necessary to gather information about several purportedly biased articles that TBBJ published regarding Defendant and this lawsuit and the relationship between TBBJ and Defendant. (*Id.* at 1–4.) Among the subpoena's document requests, Plaintiffs seek:

- "[a]ll Documents and Communications between [TBBJ] and [Defendant] related to [Defendant], this Action, Plaintiffs, the Accused Products, and/or the Asserted Patents;"
- "[a]ll Documents and Communications between [TBBJ] and any employee, agent, or representative of [TBBJ] related to [Defendant], this Action, Plaintiffs, the Accused Products, and/or the Asserted Patents;"
- [a]ll Documents and Communications regarding [Defendant] or personnel associated with [Defendant] including Steve Fiske;"
- [a]ll Documents and Communications regarding Plaintiffs;"
- "Documents and Communications sufficient to demonstrate, explain, or describe any business or personal relationship between [TBBJ] and [Defendant];"
- "Documents and Communications sufficient to identify any story or news concerning [Defendant], no matter if published, unpublished, finished, or unfinished, developed by [TBBJ], and the bases or sources of information of the foregoing;" and

- "Documents and Communications sufficient to describe the name, job title, and duties of each person associated with [TBBJ] involved in or associated with the coordination or development of any story or news concerning [Defendant], no matter if published, unpublished, finished, or unfinished, developed by [TBBJ]."

(Dkt. 52-1 at 15.) Plaintiffs also seek "[a]ll Documents and Communications concerning" eight news articles published by TBBJ, including those that Plaintiffs claim are biased against them. (*Id.* at 15–17.) Plaintiffs further demand testimony from TBBJ regarding 16 deposition topics that largely track the above document requests. (*Id.* at 18–20.)

TBBJ moves to quash the subpoena and argues that the information sought is protected from disclosure by the reporter's privilege under federal common law and Florida Statutes § 90.5015. (Dkt. 52.) TBBJ argues that Plaintiffs cannot overcome the privilege because the information sought is not relevant or material to the issues in this matter, Plaintiffs cannot demonstrate that the information cannot be obtained from alternative sources, and Plaintiffs have not shown a compelling need for the information. (Dkt. 52 at 3–7.) In response, Plaintiffs argue that the reporter's privilege does not apply, that the requested information is relevant and necessary to understand potential efforts to influence the jury pool and their unfair competition claims, and the information is unavailable from other sources as Defendant has refused to produce similar requested documents. (Dkt. 65.) Plaintiffs argue that through the articles published by TBBJ, Defendant "has sought to damage Plaintiffs by publicly promoting

[Defendant], calling attention to the geographic disparities of the parties, and publishing incomplete information about this litigation to sway the jury pool" and TBBJ's failure to disclose its relationship to Defendant "deceives consumers into believing that TBBJ's articles are fair or unbiased, when in fact, a TBBJ executive is motivated to promote [Defendant] – which it does using its public platform." (*Id.* at 15–16.)

## APPLICABLE STANDARDS

Courts maintain broad discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). A court must quash or modify a Fed. R. Civ. P. 45 subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). Discovery sought through a Fed. R. Civ. P. 45 subpoena is subject to the same scope of permissible discovery as under Fed. R. Civ. P. 26. *See Woods v. On Baldwin Pond, LLC*, No. 6:13-cv-726-ORL-19DAB, 2014 WL 12625078, at *1 (M.D. Fla. Apr. 2, 2014); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).

Federal Rule of Civil Procedure 26(b) limits the scope of permissible discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should

be tailored to the issues involved in the particular case."). In determining the permissible scope of discovery under Rule 26(b)(1), courts consider, among other things, "the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, Rule 26(b)(2)(C) requires a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . or [] the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26 (b)(2)(C).

## ANALYSIS

Upon review of the subpoena, the parties' submissions, and the arguments of counsel, the court finds that Plaintiffs' subpoena to TBBJ seeks information beyond the permissible scope of discovery pursuant to Rule 26(b)(1).[1] As written, the subpoena's requests are overbroad and fail to limit the requested discovery to that permitted by the rules. *See, e.g.*, *Benz v. Crowley Logistics, Inc.*, No. 3:15-cv-728-J-25MCR, 2016 WL 11587289, at *3 (M.D. Fla. June 17, 2016) (concluding plaintiff had not met her initial burden of showing how the information sought is relevant to her claims); *Orange Lake Country Club, Inc. v. Castle Law Group, P.C.*, No. 6:17-cv-1044-Orl-31DCI, 2018 WL 3390254, at *2 (M.D. Fla. Feb. 21, 2018) (finding that certain

---

[1] Because the subpoena seeks information beyond the permissible scope of discovery, the court does not address TBBJ's assertion of the reporter's privilege pursuant to federal common and Florida Statutes § 90.5015.

requests are "overly broad on their face, and fail to survive Rule 26(b) scrutiny, in that they are not proportional to the needs of this case, given the relevance of the requested discovery" and further noting that requests for "'all documents' at the outset of each request lacks proportionality and arguably captures a host of documents and communications that would have little to no relevance to this case").

The subpoena's requests broadly seek all "[d]ocuments and [c]ommunications," including internal TBBJ communications that are untethered to any particular custodian and regarding subject matters that appear to be of little relevance to this action, which is based largely on Defendant's alleged infringement of Plaintiffs' patents. Plaintiffs assert relevance based on potential collusive efforts to influence the jury pool and mislead consumers. However, upon review, the TBBJ articles upon which Plaintiffs rely appear largely benign and do not support Plaintiffs' asserted claims of collusive bias. Further, the subpoena requests are not limited to these published articles, but rather seek documents and communications, including internal TBBJ communications, concerning "any story or news concerning [Defendant], no matter if published, unpublished, finished, or unfinished, developed by [TBBJ], and the bases or sources of information of the foregoing." (Dkt. 52-1 at 15.) The court fails to discern the relevance of internal, non-public communications and documents to alleged influence of the jury pool and misleading of the consumer public through *published* news articles. To the extent that the relationship between TBBJ and Defendant may be relevant to this action, Plaintiffs' overbroad subpoena requests are not proportional to the needs of the case as the burden of such discovery outweighs its

likely benefit and such information could largely be obtained from other, more convenient sources, namely Defendant. *See* Fed. R. Civ. P. 26(b)(1) (requiring a court to limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Finally, to the extent that information published by TBBJ may influence potential jurors in this matter, the court and parties may appropriately address these issues during jury selection.

In short, because Plaintiff's subpoena broadly seeks discovery outside the permissible scope of Rule 26, the subpoena imposes an undue burden on TBBJ and must be quashed pursuant to Federal Rule of Civil Procedure 45(d). *See Hansen v. Uber Techs., Inc.*, No. 6:17-cv-1559-ORL40GJK, 2018 WL 7361084, at *2 (M.D. Fla. Aug. 13, 2018) ("court may find that a subpoena presents an undue burden when the subpoena is facially overbroad") (quoting *Trigeant Ltd. v. Petroleos De Venez., S.A.*, No. 08-80584-CIV, 2009 WL 10668731, at * 4 n. 9 (S.D. Fla. May 5, 2009)).[2]

Accordingly, it is **ORDERED** that Non-Party American City Business Journals, Inc., d/b/a Tampa Bay Business Journal's Time Sensitive Motion to Quash Subpoena (Dkt. 52) is **GRANTED**.

---

[2] At the hearing, counsel for both TBBJ and Plaintiffs expressed a willingness to narrow the scope of the subpoena's requests. To the extent that the parties can agree to narrow the requests to seek relevant, nonprivileged information that is proportional to the needs of the case, they are encouraged to do so. *See Entrust Datacard Corp. v. Atlantic Zeiser GmbH*, No. 3:17-cv-110-J-39MCR, 2018 WL 9371611, at *6 (M.D. Fla. Nov. 2, 2018) (directing parties to meet and confer to narrow the scope of the discovery requests); *Strickland v. Tristar Prods., Inc.*, No. CV416-051, 2017 WL 2874621, at *1 (S.D. Ga. July 5, 2017) (directing the parties to "go back and meaningfully meet and confer" to narrow the scope of and attempt to resolve discovery dispute).

**ORDERED** in Tampa, Florida, on October 24, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record