UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDST, LLC and QUEXT IOT, LLC,

    Plaintiffs,

v.    Case No: 8:22-cv-272-CEH-JSS

IAPARTMENTS, INC.,

    Defendant.

_____

## ORDER

This cause comes before the Court on Defendant iApartments, Inc.'s Motion for a Stay in View of the Institution of ITC Proceeding (Doc. 70).  In the motion, Defendant requests a stay of the entire action because Plaintiffs EDST, LLC and Quext IoT, LLC, have instituted proceedings in the International Trade Commission (ITC). *Id.*  Plaintiffs partially oppose the stay request.  Doc. 76.  Plaintiffs agree that the patent claims must be stayed pursuant to 28 U.S.C. § 1659, but request that the Court decline to stay the non-patent claims.

Upon full consideration and review, the Court will grant-in-part and deny-in-part Defendant's Motion for a Stay.

BACKGROUND

Plaintiffs[1] and Defendant are competitors in the field of property management software and smart technology for multifamily homes. Doc. 12 at ¶¶ 13-14.  Plaintiffs allege that Defendant's products infringe three of Plaintiffs' patents, while Defendant denies infringement and asserts that the patents are invalid. *Id.* ¶¶ 18-90; Doc. ¶¶ 129-142.  Each party also contends that the other's advertisements falsely represent that it is the first, only, and/or most experienced member of their competitive field, causing ongoing injury. *Id.* at ¶¶ 143-153; Doc. 12 ¶¶ 91-109.  On February 1, 2022, Plaintiffs filed an action alleging three counts of patent infringement, one count of false advertising under the Lanham Act, and one count of unfair competition under Florida common law. Doc. 12.  Defendant has filed counterclaims seeking declaratory judgments that it has not infringed Plaintiffs' patents, that the patents are invalid, and that Plaintiff has engaged in false advertising and unfair competition. Doc. 45.

Plaintiffs also filed a proceeding in the ITC that was instituted on October 18, 2022. Doc. 70 at 7-8.[2]  Defendant had previously initiated *Inter Partes* Review and Post-Grant Review proceedings at the patent office. Doc. 76 at 6.  Defendant now moves for a stay of the patent claims as well as the non-patent claims in light of the ITC and other patent office proceedings. Doc. 70.  Defendant first argues that there can be no prejudice from staying the non-patent claims because Plaintiffs do not seek injunctive

---

[1] Plaintiff Quext IoT, LLC, is a wholly-owned subsidiary of Plaintiff EDST, LLC. Doc. 12 ¶ 13.
[2] Page numbers refer to the pagination of the docket entry file, rather than the parties' internal pagination.

relief, and any possible harm from the delay results from Plaintiffs' own failure to file the ITC action until now. *Id.* at 11, 13. In contrast, Defendant would suffer hardship in being required to go forward with the non-patent claims because they would have to litigate in multiple fora at once, resulting in additional costs and duplicative discovery. *Id.* at 11-12. Finally, Defendant contends it would be more efficient to stay the entire action because of the overlap between the patent and non-patent claims; specifically, that Defendant's alleged knowledge of the patent infringement also goes to the allegation that they made false advertisement statements in bad faith. *Id.* at 12-14.

Responding in opposition, Plaintiffs first argue that they would be unduly prejudiced by a stay of the non-patent claims. Doc. 76 at 9. Plaintiffs explain that the harm they suffer from defendant's false advertising and unfair competition—the loss of market share and goodwill with their customers—is ongoing. *Id.* at 10. This harm is amplified because Plaintiffs and Defendant are the only members of their competitive field, which means that "sales lost by one necessarily will be gained by the other." *Id.* at 9-10 (citation and quotation omitted). Plaintiffs disagree with Defendant's contention that their filing of the ITC action was belated, as the instant litigation is still in its early stages. *Id.* at 11. Plaintiffs also predict that Defendant's upcoming document production will shed light on additional damages that would result from a stay of the non-patent claims. *Id.* at 17-19; *see* Doc. 69. Next, Plaintiffs assert that there is little if any overlap between the two types of claims: the patent claims require a comparison of product to patent, while the non-patent claims will

3

compare product to product. Doc. 76 at 12-13.  Further, the question of knowledge is irrelevant to the issue of patent validity, and is only relevant to a potential award of attorneys' fees for the non-patent claims. *Id.* at 13-14.  Lastly, Plaintiffs argue that a stay of the entire case would not reduce the burden on the parties or the Court. *Id.* at 15.  The Court already encouraged the parties to enter into a cross-use agreement in order to avoid duplicative discovery between the two proceedings. *See* Doc. 69 at 2; Doc. 76 at 15-16.  Moreover, the ITC proceeding cannot resolve the non-patent claims or the issue of damages and is not binding on this Court even as to the patent claims. *Id.* at 16.

## DISCUSSION

The parties agree, and the Court finds, that the Court must stay the patent claims—Counts I, II, and III of the Amended Complaint (Doc. 12) and Counterclaims I and II of Defendant's Amended Answer and Counterclaims (Doc. 45)—while the ITC proceeding regarding the same patents is pending. 18 U.S.C. § 1659(a).

Whether to stay the non-patent claims, however, is a discretionary question. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (courts have inherent authority to stay proceedings as part of docket management).  Courts considering a discretionary stay have applied a three-part standard: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court. *Draeger Medical Systems, Inc. v. Atom Medical Int'l, Inc.*, 2:12-cv-512-SPC-DNF, 2013 WL 12147773, *2 (M.D. Fla. Dec. 12, 2013);

4

*see also FormFactor, Inc. v. Micronics Japan Co.*, 06-7159, 2008 WL 361128, *1 (N.D. Cal. Feb. 11, 2008) (listing three-factor test as: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay").

Applying these standards to the instant action, the Court concludes, in its discretion, that the non-patent claims should not be stayed at this time. First, Plaintiffs have persuasively demonstrated that a stay would neither simplify the issues and streamline the trial nor reduce the burden of litigation on the parties or the Court. There is only minor overlap between the legal issues to be litigated in the two types of claims, which are substantially different. *See FMC Corporation v. Summit Agro USA, LLC*, 14-51-LPS, 2014 WL 3703629, *3 (D. Del. July 21, 2014) (declining to stay non-patent claims that were "substantially different" from the patent claims and would involve "fairly different" discovery); *cf. Oxygenator Water Techs., Inc. v. Tennant Co.*, 20-cv-0358, 2021 WL 4622241 (D. Minn. Oct. 7, 2021) (staying patent infringement claims during Patent Trial and Appeal Board review that would assess the validity of most of the same patents); *Natural Resources Defense Council, Inc. v. Cnty. of Los Angeles*, 08-01467 BRO, 2015 WL 13385916, *5 (granting stay pending appeal where the resolution of the appeal would materially affect the proceedings in the instant matter). And, as Plaintiffs point out, even as to the patent claims, the ITC proceeding will not resolve the issue of damages, and its decision is not binding on this Court in any event.

*See Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996). The Court therefore finds that a stay of the non-patent claims is not necessary to further the interests of judicial economy.

Additionally, the Court is persuaded that the harm of a stay would outweigh the burden on the parties of litigating in multiple fora at once. Both parties—direct competitors in a field of two—assert that the false statements of the other are impacting their market share, which is causing continuing alleged harm. This factor therefore weighs strongly against a stay. *See Oxygenator*, 2021 WL 4622241 at *4 (collecting cases where courts declined to stay litigation on finding of prejudice where parties were in active competition). While Plaintiffs have demonstrated a "fair possibility" that they will be damaged by a stay of the non-patent claims, Defendant has not shown a "clear case of hardship" from a denial of a stay. *See Courture Textile, Inc. v. Rue 21, Inc.*, 16-05544-BRO, 2017 WL 10562584, *4 (C.D. Cal. July 21, 2017), quoting *Landis*, 299 U.S. at 255. Although Defendant raises the specter of duplicative discovery, Doc. 70 at 11-12, this burden would be mitigated by use of the cross-use agreement that the Court recommended. Doc. 69 at 2. Moreover, the task of litigating the patent claims in the ITC proceeding while litigating the non-patent claims in this Court is similar to what the parties would have expected to do—litigate both types of claims in this Court at the same time—if the ITC proceeding had not been initiated. Requiring the parties to continue litigating the non-patent claims therefore will not cause undue hardship.

The Court is cognizant of the future potential for complication of the issues from allowing an action to proceed on "two tracks." *See Avago Techs. U.S. Inc. v. IPtronics,*

6

*Inc.*, 5:10-cv-02863-EJD, 2013 WL 623042, *4 (N.D. Cal. Feb. 15, 2013). As the proceedings progress, the Court will reconsider its Order if Defendant is able to identify a clear case of hardship that outweighs the possible damage that would result to Plaintiffs from a stay. At this time, however, the non-patent claims will proceed. Moreover, the discovery deadlines in this Court's Order at docket entry 69 will remain in place.

Accordingly, it is **ORDERED**:

1. Defendant iApartments, Inc.'s Motion for a Stay in View of the Institution of ITC Proceeding (Doc. 70) is **GRANTED-IN-PART and DENIED-IN-PART**.

2. The Motion is **granted** to the extent that Counts I, II, and III of Plaintiffs' Amended Complaint (Doc. 12) and Counterclaims I and II of Defendant's Amended Answer and Counterclaims (Doc. 45) are **STAYED**.

3. The Motion is in all other respects **denied without prejudice**.

**DONE** and **ORDERED** in Tampa, Florida on October 28, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties