UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDST, LLC and QUEXT IOT, LLC,

      Plaintiffs,

v.                                 Case No: 8:22-cv-272-CEH-JSS

IAPARTMENTS, INC.,

      Defendant.

_____/

## ORDER

      Plaintiffs move to compel Defendant to produce documents in response to 16 requests for production served pursuant to Federal Rule of Civil Procedure 34. (Motion, Dkt. 79.)  Defendant opposes the Motion.  (Dkt. 85.)  The court held a hearing on the Motion on January 17, 2023.  (Dkt. 92.)  For the following reasons, the Motion (Dkt. 79) is denied.

## BACKGROUND

      Plaintiffs bring this action against Defendant for patent infringement, false advertising, and unfair competition arising from Defendant's alleged infringement of three of Plaintiffs' patents and alleged statements made by Defendant related to its products and business.  (Dkt. 12.)  As relevant here, Plaintiffs' Amended Complaint alleges that Defendant "has advertised that its smart hub product ('Smart Hub Thermostat') is the 'industry-first All-In-One Smart Hub Thermostat,' that it brings 'a new approach to the 'smart community' experience,' and that it is the 'only Smart

Home Technology company built and run by 20 year multifamily veterans.'" (*Id.* at ¶¶ 93, 103.)   Defendant answered Plaintiffs' Amended Complaint and asserted counterclaims against Plaintiffs seeking declaratory judgments of noninfringement and invalidity of Plaintiffs' patents, and alleging false advertising and unfair competition arising from statements made by Plaintiffs about their own products and business. (Dkt. 45.)

On October 28, 2022, the court stayed Plaintiffs' patent-related claims in Counts I, II, and III of the Amended Complaint (Dkt. 12) and Defendant's patent-related counterclaims in Counterclaims I and II of Defendant's Amended Answer and Counterclaims (Dkt. 45) in light of proceedings instituted in the International Trade Commission. (Dkt. 77.)  The court, in its discretion, declined to stay the claims and counterclaims asserting false advertising and unfair competition. (*Id.*)

In the Motion, Plaintiffs move to compel Defendant to comply with 16 document requests seeking information regarding the relationship between Defendant and American City Business Journals, Inc., d/b/a Tampa Bay Business Journal (TBBJ), a non-party news publisher. (Dkt. 79.)  Plaintiffs seek "[a]ll [d]ocuments and [c]ommunications . . . related to this Action, Plaintiffs, [Defendant], the Accused Products, and the Asserted Patents" between Defendant and TBBJ (Request No. 125) and between Defendant and Samantha Fiske (a TBBJ-employee and the wife of one of Defendant's founders) (Request No. 124), and "[a]ll [d]ocuments and [c]ommunications" concerning eight articles published by TBBJ between July 12, 2021 and July 6, 2022 (Requests No. 128–35). (Dkt. 79-1.)  Plaintiffs also seek documents

and communications sufficient to describe any business or personal relationship between Defendant and TBBJ (Request No. 126) and the identification and description of any individuals associated with Defendant or TBBJ that were involved in the development of any article concerning Plaintiffs "no matter if published, unpublished, finished, or unfinished developed by [TBBJ]" (Request No. 127). (Dkt. 79-1 at 116–17.) Plaintiffs further seek documents and communications surrounding TBBJ's and Defendant's assertion of Florida's Reporter's Privilege in resisting Plaintiffs' third-party subpoena to TBBJ and Plaintiffs' document requests to Defendant (Requests No. 140–43). (Dkt. 79-3.)[1]

Plaintiffs argue that they are entitled to explore the relationship between Defendant and TBBJ because certain articles published by TBBJ contain false statements made by Defendant that are relevant to Plaintiffs' claims of false advertising and unfair competition. (Dkt. 79 at 12–15.) Plaintiffs also argue that the documents are relevant to potential collusive efforts between Defendant and TBBJ to tamper with the jury pool. (*Id.* at 17–19.) Plaintiffs further argue that Defendant's assertion of

---

[1] In August 2022, Plaintiffs served a third-party subpoena on TBBJ seeking documents similar to those sought by Requests No. 124–35. *See* (Dkt. 52-1.) TBBJ moved to quash the subpoena and asserted that the documents were protected by Florida's Reporter's Privilege. *See* (Dkt. 52.) Defendant similarly objected to certain of Plaintiffs' Requests, in part, by claiming that the documents were protected by Florida's Reporter's Privilege and by relying on TBBJ's privilege assertions. *See* (Dkt. 79-1 at 115–24, Dkt. 79-2.) In October 2022, the court granted in part a motion to compel filed by Plaintiffs and ordered Defendant to produce materials on a rolling basis "in response to those [Requests for Production] to which it has no objection." (Dkt. 69.) The court also granted TBBJ's motion to quash Plaintiffs' subpoena. (Dkt. 75.) The court found the subpoena's requests to be overbroad and to seek information beyond the permissible scope of discovery pursuant to Federal Rule of Civil Procedure 26(b)(1). (*Id.* at 5–7.) The court noted the limited relevance of the documents sought, and to the extent relevant, that the requests were not proportional to the needs of the case and imposed an undue burden on TBBJ, a non-party. (*Id.* at 6–7.)

privilege and a common interest with TBBJ in withholding certain of the documents is improper. (*Id.* at 19–23.) Defendant responds that Plaintiffs' requests are overbroad, unduly burdensome, and seek documents beyond the permissible scope of discovery. (Dkt. 85.)   Nevertheless, Defendant states that it has identified non-privileged documents responsive to only two of Plaintiffs' requests (Requests No. 125, 128). (*Id.* at 9–10.)  Defendant further asserts that any documents responsive to Requests No. 141–43, which seek communications between Defendant's and TBBJ's counsel, are common interest privileged and work product-protected. (*Id.* at 15–20.)

## APPLICABLE STANDARDS

The court has broad discretion in managing pretrial discovery matters and in deciding motions to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).  Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.").  In determining the scope of permissible discovery under Rule 26(b)(1), courts consider, among other things, "the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1); *Tiger*

*v. Dynamic Sports Nutrition, LLC*, No. 6:15-cv-1701, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016) ("Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case."). Further, Rule 26(b)(2)(C) requires a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . or [] the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

A party may move to compel discovery pursuant to Federal Rule of Civil Procedure 37(a).  Fed. R. Civ. P. 37(a)(1), (3).  The moving party "has the initial burden of proving the requested discovery is relevant and proportional."  *Aglogalou v. Dawson*, No. 8:20-cv-2024-CEH-AAS, 2021 WL 3563017, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016).  Only after the moving party has met this initial burden, "will the burden shift to the resisting party to show specifically the reason for resisting the requested discovery."  *Benz v. Crowley Logistics, Inc.*, No. 3:15-cv-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (citing *Henderson v. Holiday CVS*, 269 F.R.D. 682, 686 (S.D. Fla. 2010)).

## ANALYSIS

Upon consideration of the parties' submissions and the arguments of counsel, the court finds that Plaintiffs have failed to meet their burden of establishing the relevancy and proportionality of the requested information at this time.

With respect to Requests No. 124 through 135, the court finds that Plaintiffs have failed to establish the relevancy and proportionality of the requests in light of the allegations in the operative Amended Complaint. *See, e.g.*, *Schwanke v. JB Med. Mgmt. Sols., Inc.*, No. 5:16-cv-597-OC-30PRL, 2017 WL 3034039, at \*5–6 (M.D. Fla. July 18, 2017) ("Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses.") (citation omitted). Plaintiffs do not dispute that the statements upon which they base their claims of false advertising and unfair competition were not made through the TBBJ nor that the operative Amended Complaint contains no reference to alleged false statements made by Defendant through TBBJ. *See* (Dkt. 85 at 9 n.5.) While, when "suitably focused," requests seeking information regarding "other incidents of the same type, or involving the same product" may be relevant to a parties' claim or defense, Plaintiffs have failed to make such a showing here where their claims, as asserted in the operative Amended Complaint are based on specific statements made by Defendant and the requests, as written are overbroad and unduly burdensome. *See* Fed. R. Civ. P. 26, advisory committee note to 2015 amendment ("Discovery that is relevant to the parties' claims or defenses may also support amendment of the pleadings to add a new claim or defense that affects the scope of discovery."); *Bright v. Frix*, No. 8:12-cv-1163-T-35MAP, 2016 WL 1011441, at \*2 (M.D. Fla. Jan. 22, 2016) (finding that movant failed to meet burden that requested discovery was relevant to claims then properly before the court). As written, Plaintiffs' requests are overbroad, unduly burdensome, and not

proportional to the needs of the case in that they broadly seek "[a]ll [d]ocuments and [c]ommunications" in a purported attempt to explore the relationship between Defendant and TBBJ, an issue having little, if any, relevance to this action. *See Gonzalez v. GEICO Gen. Ins. Co.*, No. 8:15-cv-240-T-30TBM, 2016 WL 7734076, at *2 (M.D. Fla. Apr. 15, 2016) ("Although the federal rules generally allow for liberal discovery in civil matters, such is not unbounded.  The Court must consider proportionality to the needs of the case.").

The court further finds that Plaintiffs have failed to meet their initial burden to establish the relevance and proportionality of Requests No. 140 through 143.  These requests broadly seek "[a]ll [d]ocuments and [c]ommunications" regarding TBBJ's and Defendant's assertions of privilege in September 2022, including communications between Defendant's and TBBJ's counsel and information about their conferences. *See* (Dkt. 79 at 3–4.)  These requests do not seek information relevant to any alleged false statements made by Defendant, but rather seek only what are presumably non-public communications between TBBJ's and Defendant's counsel about the approach that each is taking in this litigation.  (*Id.*)  While Plaintiffs assert that these documents are relevant to "the rising prospect of jury tampering" (Dkt. 79 at 17), the court finds that Plaintiffs have failed to carry their burden to establish that the documents sought are relevant to the claims asserted in this matter or that the requests are proportional to the needs of the case.  *See, e.g.*, *Benz*, 2016 WL 11587289, at *2 ("Despite such liberality, however, courts have long held discovery is not to be interpreted so liberally as to enable a party to 'roam in the shadow zones of relevancy and to explore matters

which do not presently appear germane on the theory that they may conceivably become so.'") (quoting *Henderson,* 269 F.R.D. at 687); *Jones v. Z.O.E. Enters. of Jax, Inc.*, No. 3:11-cv-377-J-32MCR, 2012 WL 3065384, at *2 (M.D. Fla. July 27, 2012) (denying motion to compel where moving party failed to make adequate initial showing of relevancy); *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit the appellants to go on a fishing expedition.").[2]

Accordingly, Plaintiffs' Motion to Compel Responsive Documents (Dkt. 79) is **DENIED**.

**ORDERED** in Tampa, Florida, on January 30, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[2] Because the court finds that Plaintiffs have failed to meet their initial burden of demonstrating the relevance and proportionality of these requests, the court does not address Defendant's assertion of privilege over these documents.