UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDST, LLC and QUEXT IOT, LLC,

    Plaintiffs,

v.                                                   Case No: 8:22-cv-272-CEH-JSS

IAPARTMENTS, INC.,

    Defendant.
_____

## ORDER

This cause comes before the Court on Defendant iApartments, Inc.'s Unopposed Motion for Leave for Plaintiffs to File Under Seal (Doc. 98). In the Motion, Defendant seeks to seal several portions and exhibits of Plaintiffs EDST, LLC and Quext IOT, LLC's Response in Opposition (Doc. 91) to Defendants' Renewed Motion (Doc. 83). Plaintiffs, who do not oppose the Motion to Seal, have redacted their response in accordance with Local Rule 1.11(d), Middle District of Florida.

Defendant seeks to seal Exhibits 3 to 6 of Plaintiffs' response in their entirety, and to redact a portion of the response motion in which they describe the contents of those exhibits. Doc. 98 at 5-7. Defendant alleges that the exhibits are "highly confidential" internal presentations that contain "sensitive business, commercial, financial, and competitive information related to iApartments' products and business" or that of a third-party vendor. *Id.* They further contend that they have kept this information confidential and have only produced it pursuant to a protective order,

with the information disclosed for "attorneys' eyes only." *Id.* Redaction of the exhibits would be insufficient because confidential information pervades them. *Id.*

Upon review and consideration, the Court will deny the motion without prejudice because Defendant has not established good cause for sealing the material.

## DISCUSSION

A motion to seal pursuant to Local Rule 1.11(c):

> (1) must include in the title "Motion for Leave to File Under Seal";
> (2) must describe the item proposed for sealing;
> (3) must state the reason:
>    (A) filing the item is necessary,
>    (B) sealing the item is necessary, and
>    (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;
> (4) must propose a duration of the seal;
> (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
> (6) must include a legal memorandum supporting the seal; but
> (7) must not include the item proposed for sealing.

Local Rule 1.11(c), Middle District of Florida. The party seeking the seal must ensure that it sufficiently addresses these requirements as to all the items designated for sealing.

It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in

2

keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

> The question of whether good cause exists is decided:
>
>> "by the nature and character of the information in question." *Id.* at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance*, 2017 WL 320830, at *2.

Here, although Defendant's motion complies with the procedural requirements of Local Rule 1.11(c), Defendant has not adequately established that disclosure will cause a clearly defined and serious injury that overcomes the common law right of access.

In arguing that the material must be sealed, Defendant repeatedly refers to the fact that it is subject to the parties' protective order. Doc. 98 at 2, 5-7. However, "[t]he parties' mutual agreement to keep documents confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST*

*Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018) (Whittemore, J.), citing *Brown v. Advantage Engineering*, 960 F.2d 1013, 1016 (11th Cir. 1992). Indeed, the Local Rules make clear that sealing "is not authorized by a confidentiality agreement… a designation of confidentiality, or a stipulation." Local Rule 1.11(a), Middle District of Florida. As one court observed, "[i]f the only thing necessary to secure a seal were a mere declaration that a document is confidential, no judicial review would be needed and the open docket would be bare, indeed." *Ward v. EZCORP, Inc.*, 6:15-cv-474-ACC-DAB, 2016 WL 7666133, *1 (M.D. Fla. Feb. 29, 2016). Thus, the fact that the parties agreed to the material's confidentiality does not constitute good cause.

As to the material's contents, Defendant uses only conclusory language, attesting that the information is "highly confidential," "sensitive," and "proprietary." Doc. 98. But "conclusory statements…do not establish good cause." *Romero*, 480 F.3d at 1247 (quotation omitted). Rather, the good cause requirement "contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Barnello v. Bayview Loan Servicing, LLL*, 6:14-cv-1383, 2015 WL 5782346, *5 (M.D. Fla. Sept. 2, 2015) (quotation omitted). Defendant has offered no accompanying details or evidence to establish that the information it wishes to protect is, indeed, proprietary. *See Rodriguez v. Magic Burgers, LLC*, 6:19-cv-1656 2021 WL 3017528, *2 (M.D. Fla. March 24, 2021) ("The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the parties' confidentiality agreement falls short of

rebutting the presumption in favor of openness. …Defendant has not presented any evidence, such as a declaration or affidavit, showing that the documents at issue" meet the requirements of a trade secret), citing *Day v. Barnett Outdoors, LLC*, 8:16cv2480, 2017 WL 10275971, *3 (M.D. Fla. Aug. 23, 2017) (Whittemore, J.) ("Because the commercially sensitive nature of the information is the only basis Barnett provides for nondisclosure, and its conclusory statements fall short of establishing that the information qualifies as proprietary information, it fails to establish good cause[.]"); *cf. Proxicom Wireless, LLC v. Macy's, Inc.*, 6:18-cv-64, 2018 WL 8344645, *2 (M.D. Fla. Oct. 29, 2018) (finding, "[a]fter reviewing [the] declaration filed in support of the Motion to Seal," that defendants demonstrated good cause for sealing exhibits that would "harm Defendants' legitimate privacy interests by exposing its business and financial information to the public, including competitors.").

Without more, Defendant has not established that disclosure of the material would overcome the public's right to access. Therefore, the motion is denied, without prejudice to renewal upon a showing of sufficient grounds to find the material to be entitled to protection.

Accordingly, it is **ORDERED**:

1. Defendant iApartments, Inc.'s Unopposed Motion for Leave for Plaintiffs to File Under Seal (Doc. 98) is **DENIED without prejudice**.
2. Defendant may renew its Motion to Seal upon a showing of good cause within a period of **FOURTEEN (14) DAYS** from the date of this Order. Following the expiration of fourteen days, if Defendant has not renewed its motion,

Plaintiffs are directed to re-file their Response in Opposition (Doc. 91) to Defendants' Renewed Motion to Stay without redaction.

**DONE** and **ORDERED** in Tampa, Florida on January 31, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties