UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDST, LLC and QUEXT IOT, LLC,

    Plaintiffs,

v.                                          Case No: 8:22-cv-272-CEH-JSS

IAPARTMENTS, INC.,

    Defendant.

## ORDER

This cause comes before the Court on Defendant iApartments, Inc's Renewed Unopposed Motion for Leave for Plaintiffs to File Under Seal (Doc. 121). In the Motion, Defendant seeks to seal several portions and exhibits of Plaintiffs EDST, LLC and Quext IOT, LLC's Response in Opposition (Doc. 91) to Defendants' Renewed Motion to Stay (Doc. 83). Plaintiffs, who do not oppose the Motion to Seal, have redacted their response in accordance with Local Rule 1.11(d), Middle District of Florida.

The Court previously denied without prejudice Defendant's Unopposed Motion for Leave for Plaintiffs to File Under Seal (Doc. 98) the same material, explaining that Defendant had not provided enough information to establish good cause. *See* Doc. 100 at 3-5. Defendant has timely renewed its Motion.

Upon review and consideration, the Court finds that Defendant has established good cause for the sealing of the relevant materials. The renewed motion is due to be granted.

## DISCUSSION

As detailed in this Court's Order at Docket Entry 100, the common law right of access to judicial records can be overcome only by a showing of good cause, which is established by demonstrating that the material's disclosure will cause a clearly defined and serious injury. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017).

Defendant asserts that the material it requests to seal is highly confidential and proprietary, but its previous motion did not contain any specific facts in support of this claim. Doc. 98. The Court's prior Order explained that such conclusory language is insufficient to establish good cause, which "contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Barnello v. Bayview Loan Servicing, LLL*, 6:14-cv-1383-CEM-TBS, 2015 WL 5782346, *5 (M.D. Fla. Sept. 2, 2015) (quotation omitted); *see* Doc. 100 at 4-5.

Defendant's Renewed Motion contains a detailed declaration by Mohammed A. Syed, the co-founder and Chief Technology Officer of iApartments. Doc. 121-1. He explains in detail the basis for the material's confidentiality, the measures Defendant takes to protect it, and the harm that could result if the material were disclosed. *Id.* Upon review of the declaration, the Court finds that Defendant has

demonstrated good cause for sealing the material, as its disclosure would cause significant harm to Defendant by exposing its confidential and proprietary business information to the public, including competitors. *See Proxicom Wireless, LLC v. Macy's, Inc.*, 6:18-cv-64-RBD-GJK, 2018 WL 8344645, *2 (M.D. Fla. Oct. 29, 2018). The Renewed Motion to Seal is therefore due to be granted.

Accordingly, it is **ORDERED**:

1. Defendant iApartments, Inc's Renewed Unopposed Motion for Leave for Plaintiffs to File Under Seal (Doc. 121) is **GRANTED**.

2. Within SEVEN (7) DAYS of this Order, Plaintiff shall file **under seal**, and the Clerk shall accept, an unredacted copy of Pages 10-11, and Exhibits 3, 4, 5, and 6 of its Response in Opposition to the Defendant's Renewed Motion to Stay the Non-Patent Claims (Doc. 91).

3. The duration of the seal shall be for one year from the conclusion of this action or until further order of this Court.

**DONE** and **ORDERED** in Tampa, Florida on February 16, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties